**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DONALD RAY TINSLEY, JR. and<br>ANGELA JUNE TINSLEY,<br>　　　　　　Debtors. | BAP No. EC-25-1123-PBG<br><br>Bk. No. 25-20564 |
| FINANCIAL PACIFIC INSURANCE<br>COMPANY,<br>　　　　　Appellant,<br>v.<br><br>DONALD RAY TINSLEY, JR.; ANGELA<br>JUNE TINSLEY,<br>　　　　　Appellees. | **OPINION** |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Frederick E. Clement, Bankruptcy Judge, Presiding

APPEARANCES:

Joseph McGowan, Jr., of Rogers Joseph O'Donnell argued for appellant
Financial Pacific Insurance Company.

Before: PEARSON,[1] BRAND and GAN, Bankruptcy Judges.

_____

[1] Hon. Teresa H. Pearson, United States Bankruptcy Judge for the District of
Oregon, sitting by designation.

PEARSON, Bankruptcy Judge:

## INTRODUCTION

Creditor Financial Pacific Leasing Company ("Financial Pacific") appeals the bankruptcy court's order avoiding its judicial lien on chapter 7[2] debtors Donald Ray Tinsley, Jr. and Angela June Tinsley's former residential property in Woodland, California.

Before debtors filed their bankruptcy petition, their mortgage lender started foreclosure of their property. The sale took place, at which a prospective non-owner occupant was the successful bidder. Under state law, this started a 15-day period for other potential buyers to bid on the property. Four days later, during that bidding period, the debtors filed bankruptcy. Two other bidders later submitted timely notices of intent to bid, which extended the bidding period. The trustee's deed was recorded 54 days after debtors filed their petition.

Financial Pacific argued its judicial lien could not be avoided because, as a matter of state law, the foreclosure sale was final before the petition date and the debtors had no interest in the property to bring into their bankruptcy estate. The bankruptcy court disagreed, holding that the foreclosure sale occurred while the automatic stay was in place and the requirements for lien avoidance were otherwise met.

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

Because the sale was not final as a matter of state law before the petition date, regardless of whether the automatic stay was in place, and the requirements for lien avoidance were otherwise met, we AFFIRM. We publish to explain the distinction between finality and perfection under California's current foreclosure statutes and the effect of a bankruptcy filing after the sale was conducted but before the foreclosure is deemed final under California law.

## FACTS[3]

On February 10, 2025, debtors filed a voluntary chapter 7 petition. On their original Schedule A, debtors asserted an ownership interest in a single-family home in Woodland, California, where they lived, which they valued at $1,200,000. On their original Schedule C, debtors claimed a homestead exemption in that property of $671,310.

Before the petition date, creditor Financial Pacific recorded a judicial lien against judgment debtors Delta Oilfield Services, Inc., Donald R. Tinsley, Jr., and Angela J. Tinsley in the real property records in California.

Also before the petition date, the debtors' mortgage lender started a nonjudicial foreclosure of their property. The foreclosure sale took place four days before the petition date, on February 6, 2025. At the sale, the property was sold to a prospective non-owner occupant. Under state law,

---

[3] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

this started a 15-day bidding period for the property. Cal. Civ. Code § 2924m(c)(2).

After the bankruptcy filing and during this bidding period, the mortgage lender received two notices of intent to bid. Under state law, this extended the bidding period to March 23, 2025, 45 days after the actual sale date. Cal. Civ. Code § 2924m(c)(4)(A). On April 1, 2025, the foreclosure trustee recorded the Trustee's Deed upon Sale of the real property in Yolo County, California, showing a sale price of $820,000.

On April 7, 2025, debtors amended their Schedule A to reduce the value of their residential property to $1,025,000 and to add a note regarding that property: "Mortgagor sold at trustee sale for ~$821,000; disputes exist as to validity." They also amended Schedule C to reduce their claimed homestead exemption to $617,000. This homestead exemption was later deemed allowed as part of a settlement.

The debtors moved to avoid Financial Pacific's judicial lien, asserting that the lien impaired their homestead exemption under § 522(f). Debtors concurrently moved to avoid three other judicial liens. Financial Pacific opposed this motion, arguing that under state law, the foreclosure sale became final on February 6, 2025. Because that date was prepetition, Financial Pacific asserted the debtors had no interest in the property when the bankruptcy case was filed, and § 522 allows the debtor to avoid a lien only "on an interest of the debtor in property."

4

The bankruptcy court heard the motion on June 23, 2025. The court held that the foreclosure sale occurred during the automatic stay, and because relief from stay or annulment would not be granted, the debtors' property was property of the estate. The bankruptcy court then applied the required calculations for avoidance of a judicial lien and concluded that Financial Pacific's judicial lien could be avoided.

The court entered a written order avoiding the lien, and Financial Pacific timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction over this case pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K). We have jurisdiction over the bankruptcy court's determination under 28 U.S.C. § 158(a)(1).

Debtors assert that this matter is moot pursuant to section 363(m) because the bankruptcy trustee ultimately sold the real property to a good faith purchaser.[4] This matter is not moot. The sale order provided that all interests identified in the order, including Financial Pacific's interest,

[4] Debtors filed a request for this court to take judicial notice of certain documents from the bankruptcy court file. That request is GRANTED. On March 25, 2025, debtor's mortgage lender filed a motion for relief from stay and to confirm termination or absence of a stay with respect to the foreclosure sale. The proposed buyers joined in the motion and the trustee and debtors opposed the motion. That motion was denied, and an appeal was filed with this court. Ultimately, the trustee entered into a series of settlements that provided, among other things, for the sale of the property to the proposed buyers, subject to overbid and provided for dismissal of the pending appeal of the relief from stay order.

would attach to the proceeds of the sale with the same priority and validity as before the sale, with the proceeds to remain in the possession of the trustee until the interest is resolved by final order or resolution of appeal. Because this court could still fashion effective relief by directing the disposition of the sale proceeds, and it would not be complex or difficult to unwind the order avoiding Financial Pacific's lien and have that lien attach to the sale proceeds, this matter is not constitutionally or equitably moot. *See Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214-15 (9th Cir. 2014).[5]

## ISSUE

Did the bankruptcy court err when it avoided Financial Pacific's judicial lien pursuant to 11 U.S.C. § 522(f)?

## STANDARD OF REVIEW

When there are no disputed facts, whether a creditor's judicial lien is avoidable under § 522(f)(1) is a question of law, which we review de novo. *McCoy v. Kuiken (In re Kuiken)*, 484 B.R. 766, 769 (9th Cir. BAP 2013). When we conduct a de novo review, "we look at the matter anew, the same as if it had not been heard before, and as if no decision previously had been

---

[5] The debtors ask this court to dismiss this appeal for Financial Pacific's failure to comply with court orders and rules. After considering the relevant factors set forth in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), this motion to dismiss is DENIED. The risk of prejudice to debtors is limited, public policy favors disposition of the case on its merits, and the remaining factors are not material here.

rendered, giving no deference to the bankruptcy court's determinations."
*Charlie Y., Inc. v. Carey (In re Carey)*, 446 B.R. 384, 389 (9th Cir. BAP 2011).

## DISCUSSION

### A.    Requirements to Avoid a Lien.

To avoid a lien using § 522(f)(1), the debtors must satisfy three conditions: "(1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien." *Culver, LLC v. Chiu (In re Chiu)*, 304 F.3d 905, 908 (9th Cir. 2002) (*quoting Estate of Catli v. Catli (In re Catli)*, 999 F.2d 1405, 1406 (9th Cir. 1993)).

There is no dispute that Financial Pacific had a judicial lien or that the lien attached to the debtors' residential property while they owned it. The parties differ on whether the debtors continued to have an interest in their residential property when they filed bankruptcy, and whether the debtors asserted a homestead exemption before the sale of the property was final.

### B.    The Bankruptcy Estate Had an Interest in the Property Because the Foreclosure Sale was Not Final When the Petition Was Filed.

Financial Pacific argues that the foreclosure sale was final four days before the debtors filed bankruptcy and therefore the debtors had no interest in their residential property when they filed bankruptcy. Financial Pacific asserts that because the trustee's deed was recorded within 60 days of the foreclosure sale date, the sale was final as of the date that the auction concluded, four days before the petition date (effectively, that the trustee's

7

deed related back to that auction date). Financial Pacific is incorrect as a matter of law.

State law generally determines the rights of parties to assets of the estate, *Butner v. United States*, 440 U.S. 48, 54 (1979), and we "look to state law to determine property interests" of the debtor, *Eden Place LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1127 (9th Cir. 2016). Property rights are determined as of the petition date. 11 U.S.C. § 541(a)(2).

### 1. Under California Law, the foreclosure sale was not final when debtors filed bankruptcy.

In California, prior to the COVID pandemic, a nonjudicial foreclosure sale was "deemed complete and final when the last and highest bid was accepted at the public auction." *Edward v. Garcia (In re Garcia)*, 676 B.R. 408, 418 (9th Cir. BAP 2026). Effective in 2021, in response to the COVID pandemic, California modified its nonjudicial foreclosure process and adopted Civil Code § 2924m. *Id.* at 419.

Because the debtors' property was a single-family residence, Civil Code § 2924m, and not Civil Code § 2924h, applies to determine the finality of the sale of debtors' property.[6] Civil Code § 2924m applies to the foreclosure of real property containing one to four residential units and

---

[6] California law is clear that in the event of a conflict, Civil Code § 2924m prevails over section 2924h. Cal. Civ. Code § 2924h(f) ("Except as specifically provided in Section 2924m, in the event that this section conflicts with any other statute, then this section shall prevail."); Cal. Civ. Code § 2924m(h) ("This section shall prevail over any conflicting provision of Section 2924h.").

expressly governs when such sale is final. Section 2924m(c) states in relevant part:

> A trustee's sale of property under a power of sale contained in a deed of trust or mortgage on real property containing one to four residential units pursuant to Section 2924g *shall not be deemed final* until the earliest of the following:
>
> > (1) If a prospective owner-occupant is the last and highest bidder at the trustee's sale, the date upon which the conditions set forth in Section 2924h for the sale to become final are met . . . .
> >
> > (2) Fifteen days after the trustee's sale unless at least one eligible tenant buyer or eligible bidder submits to the trustee either a bid pursuant to paragraph (3) or (4) or a nonbinding written notice of intent to place such a bid . . . .
> >
> > (3)(A) The date upon which a representative of all of the eligible tenant buyers submits to the trustee a bid in an amount equal to the full amount of the last and highest bid at the trustee's sale, . . . [setting forth deadlines not relevant here] . . .
> >
> > (4)(A) Forty-five days after the trustee's sale, except that during the 45-day period, an eligible bidder may submit to the trustee a bid in an amount that exceeds the last and highest bid at the trustee's sale, . . . .

Cal. Civ. Code § 2924m (emphasis added). The statute goes on to state in § 2924m(f) that "[t]itle to the property shall remain with the mortgagor or

trustor or successor in interest until the property sale is deemed final as provided in this section."

In this case, debtors owned a single-family residence. The last and highest bidder at the nonjudicial foreclosure sale was not a prospective owner-occupant, so the statute provides for a 15-day bidding period after the public auction of the property. Cal. Civ. Code § 2924m(c)(2). At a minimum, the sale could not be final until that 15-day bidding period elapsed. Therefore, the sale was not final at the conclusion of the public auction, or four days later when the debtors filed their bankruptcy petition. The debtors still owned title to the property when they filed bankruptcy.

Both this court and the California Court of Appeal have recognized that the adoption of Civil Code § 2924m altered the finality provisions of the nonjudicial foreclosure statutes. "Under section 2924m, however, for 'real property containing one to four residential units,' a foreclosure sale will be deemed final at the conclusion of the public auction *only if* 'a prospective owner-occupant is the last and highest bidder. '[ ] In any other case, the acceptance of the last and highest bid at the public auction does not signal the completion of the foreclosure sale, and, instead, there is a brief period following the auction during which certain individuals and entities may submit bids matching or exceeding the amount of the highest bid from the auction." *Applegate v. Carrington Foreclosure Servs., LLC,* 112 Cal. App. 5th 356, 360-61 (2025) (quoting Cal. Civ. Code § 2924m(c)(1)) (emphasis in original); *Garcia*, 676 B.R. at 419.

## 2. The California statute governing perfection of a trustee's sale does not establish the finality of the sale.

Financial Pacific relies upon Civil Code § 2924h(c) to assert that the foreclosure sale was final before debtors filed bankruptcy. Financial Pacific notes that, after debtors filed their petition and during the 15-day bidding period, the mortgage lender received two notices of intent to bid. Financial Pacific asserts that under state law, this extended the bidding period to 45 days after the actual sale date. Cal. Civ. Code § 2924m(c)(4)(A). Civil Code § 2924h(c) provides in relevant part:

> For the purposes of this subdivision, the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 21 calendar days after the sale. . . . If an eligible bidder submits a written notice of intent to bid pursuant to paragraph (2) of subdivision (c) of Section 2924m, the trustee's sale shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 60 calendar days after the sale or the next business day following the 60th day if the county recorder in which the property is located is closed on the 60th day.

Financial Pacific notes that the trustee's deed was recorded 54 days after the actual date of sale (which is more than 45 days and within 60 days after the actual date of sale). As a result, Financial Pacific asks this court to conclude that the sale was final prepetition, as of the actual date of sale.

We cannot agree with Financial Pacific's argument because it confuses the concepts of finality and perfection. Finality and perfection are

two different things. "The distinction between finality and perfection is important." *In re Hager*, 651 B.R. 873, 884 (Bankr. E.D. Cal. 2023).[7]

This court has previously addressed how finality and perfection apply when a debtor files bankruptcy shortly after a foreclosure sale. *Bebensee-Wong v. Fed. Nat'l Mortg. Assoc. (In re Bebensee-Wong)*, 248 B.R. 820 (9th Cir. BAP 2000).[8] *Bebensee-Wong* was decided under Civil Code 2924h, before California adopted Civil Code 2924m.

In *Bebensee-Wong*, this court addressed a situation where a foreclosure trustee sold the debtor's property twelve days before the debtor filed bankruptcy. *Id.* at 821. The foreclosure trustee recorded the trustee's deed two days after the debtor filed bankruptcy. *Id.* The question before this court was whether the bankruptcy court properly granted relief from stay. *Id.* We held that it did because the foreclosure sale occurred prepetition and the recording of the trustee's deed was only an act of perfection—an act that is permitted without violation of the automatic stay under §§ 362(b)(3) and 546(b). *Id.* at 823.[9]

---

[7] Although *Hager* addressed a prior version of Civil Code § 2924h(c)(3), this point remains valid under the current version of California's foreclosure statutes.

[8] *Hager* noted that *Bebensee-Wong* was decided under a prior version of the California foreclosure statute. *Hager*, 651 B.R. at 884. *Garcia* noted that *Hager* was decided under a prior version of the foreclosure statutes. *Garcia*, 2026 WL 280512, at *8 n.20.

[9] Under the then-applicable version of Civil Code § 2924(h)(c), "the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale . . . ." Cal. Civ. Code § 2924h(c) (2020) (amended 2024).

In *Bebensee-Wong*, we compared the situation to that in *Blatnick v. Sanders (In re Sanders)*, 198 B.R. 326 (Bankr. S.D. Cal. 1996), where the foreclosure sale occurred after the bankruptcy petition was filed and was held to be void as a stay violation. In *Sanders*, the bankruptcy petition was filed at 9:06 a.m., less than an hour before the time noticed for the foreclosure sale and just a few hours before the foreclosure sale was actually completed at 1:00 p.m. *Sanders*, 198 B.R. at 327-28. The trustee's deed was recorded the next day. *Id.* The secured creditors in that case argued that the sale related back to 8:00 a.m. on the petition date, citing the then-applicable version of Civil Code section 2924h(c). *Id.* at 328. The bankruptcy court in *Sanders* held that the date of the sale itself could not relate back, essentially acknowledging that the completion of the sale was different than perfection, and that the relation back provisions of Civil Code § 2924h(c) could be invoked only where a valid foreclosure sale is completed prepetition. *Id.* at 329.

The analysis in *Bebensee-Wong* leads to the following rules: if the foreclosure is final before bankruptcy, the sale can be perfected by recording the trustee's deed after bankruptcy without violating the automatic stay. However, if the foreclosure is not final before bankruptcy, the foreclosure cannot be finalized after bankruptcy if the automatic stay is in place, and recording the trustee's deed—an act of perfection—cannot validate a void sale.

13

Although California has changed when foreclosure sales of real property containing one to four residential units are final, the general rule and reasoning in *Bebensee-Wong* remains sound and is applicable to this case. For sales of one to four units of residential real property, finality is governed by Civil Code § 2924m(c). Perfection of a completed sale is allowed, even with the automatic stay in place, under Civil Code § 2924h(c). But the perfection of a foreclosure sale by filing a trustee's deed postpetition does not "relate back" to change a sale that was not final before bankruptcy into a final sale—all it does is perfect the sale.

In this case, the question is whether the debtors still owned the property when they filed their bankruptcy petition. The relevant issue is finality, not perfection. The sale was not final on the petition date under Civil Code section 2924m(c). There is nothing that anyone could do postpetition to make the foreclosure sale final prepetition. The fact that the trustee's deed was recorded between 45 to 60 days postpetition, after the mortgage lender received two notices of intent to bid, did not make the foreclosure sale final prepetition.

### 3. California law does not provide for a sale to be partially final.

In the alternative, Financial Pacific argues that, while the sale may not have been final as to third party bidders, it was final as to the debtors before they filed bankruptcy. Financial Pacific contends that, regardless of who might be the ultimate bidder, by the time the debtors filed

14

bankruptcy, the debtors' interest was either finally terminated or changed into some kind of temporary title.

This argument is unavailing because it is contrary to the text of the applicable California foreclosure statute. Because Civil Code § 2924m(f) states that "[t]itle to the property shall remain with the mortgagor or trustor or successor in interest until the property sale is deemed final *as provided in this section*," and the statute contains no provision for partial finality or temporary title, this court cannot conclude that the sale was final as to the debtors when the gavel fell at the foreclosure sale. Cal. Civ. Code. § 2924m(f) (emphasis added).

4. **The Bankruptcy Court was correct that the foreclosure sale was not final.**

At the time the bankruptcy court heard the motion to avoid Financial Pacific's lien, *Garcia* and *Applegate* had not been decided. Instead, the bankruptcy court relied on its prior decision in this case, in connection with a relief from stay motion filed by the mortgage lender, that the foreclosure sale was not final when the debtors filed bankruptcy. The bankruptcy court applied that ruling to this matter when it held that the property was property of the estate. When deciding the earlier motion for relief from stay, the bankruptcy court relied on the analysis in *Hager* regarding the impact of adoption of Civil Code § 2924m to conclude that the foreclosure sale was not final.

Regardless of how the bankruptcy court ruled on the mortgage lender's motion for relief from stay, or whether the bankruptcy court should have applied the relief from stay ruling to this motion,[10] the bankruptcy court correctly decided the relevant issue: that under Civil Code § 2924m, the foreclosure sale of the debtors' residence was not final on the petition date and that the debtors had an interest in the property that became property of the estate on the petition date.

## C. The Bankruptcy Court Correctly Found that the Debtors Asserted a Homestead Exemption.

Financial Pacific asserts that debtors did not claim a homestead exemption under California law before the foreclosure sale and therefore had no homestead rights when the foreclosure sale became final before bankruptcy. Financial Pacific does not dispute that debtors claimed a homestead exemption on their bankruptcy schedules but instead implies that this exemption was not meaningful because the debtors no longer owned the property on the petition date in which to claim an exemption. The merits of this argument depend on Financial Pacific's assertion that the

---

[10] Debtors argue that Financial Pacific is collaterally estopped or barred by the law of the case doctrine from asserting that the bankruptcy court's decision on relief from stay is incorrect. Financial Pacific responds that it should not be barred from raising issues regarding the finality of the sale because it was not a party to the relief from stay motion. Debtors counter that Financial Pacific was a party to the relief from stay motion because it had notice of the bankruptcy case. Ultimately it is unnecessary to resolve this dispute, as the foreclosure sale would not be final before bankruptcy in any event.

foreclosure sale was final before bankruptcy, but, as set forth above, it was not.

The bankruptcy court correctly held that the debtors had a homestead exemption. To the extent that debtors had an interest in property when they filed their bankruptcy case, debtors were entitled to claim a homestead exemption in that property. 11 U.S.C. § 522(b)(3)(A); Cal. Civ. Proc. Code § 704.730. The debtors claimed a homestead exemption on their original and amended bankruptcy schedules, which was deemed allowed. The Debtors still had an interest in their real property when they filed their bankruptcy petition.

## D. The Remaining Requirements to Avoid Financial Pacific's Lien were Satisfied.

Financial Pacific does not challenge the bankruptcy court's findings of fact that: (1) the value of the property was $1,025,000; (2) the debtors asserted a homestead exemption of $617,000 on their Amended Schedule C; (3) the amount of the senior mortgage lien was $521,931; (4) there were three other liens on the property in the amounts of $13,568.26 (A. Teichert & Sons, senior to Financial Pacific), $46,117.77 (Adler Tank Rentals, senior to Financial Pacific), and $108,968.26 (Domus Construction & Design, junior to Financial Pacific); and (5) Financial Pacific's lien was $76,862.

The bankruptcy court correctly acknowledged that liens must be avoided in the reverse order of their priority. *See All Points Cap. Corp. v. Meyer (In re Meyer)*, 373 B.R. 84, 87-88 (9th Cir. BAP 2007). After applying

the statutory formula under § 522(f)(2),[11] the bankruptcy court correctly concluded that Financial Pacific's lien should be avoided in full because the sum of Financial Pacific's judicial lien, the senior liens, and the exemption amount exceeded the value of the property by an amount greater than the amount of Financial Pacific's lien.

## CONCLUSION

The debtors' residential real property was property of the estate because the foreclosure sale of that property was not final on the petition date. Debtors claimed a homestead exemption on that property which was allowed and impaired by Financial Pacific's judicial lien. The bankruptcy court did not err when it avoided Financial Pacific's judicial lien on the property. We therefore AFFIRM.

---

[11] *See Hanger v. Bank of Am., Nat'l Trust & Savings Ass'n (In re Hanger)*, 196 F.3d 1292 (9th Cir. 1999), *aff'g and adopting* 217 B.R. 592 (9th Cir. BAP 1997) (explaining how to do to the math).